■ In the Matter of the Claim of STEPHANIE R. TAVARES, Appellant. COMMISSIONER OF LABOR, Respondent. [987 NYS2d 720]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 2013, which, among other things, denied claimant's application to reopen a prior decision.

On September 26, 2001, the Department of Labor issued an initial determination which, among other things, found that claimant was disqualified from receiving unemployment insurance benefits and charged her with a recoverable overpayment. In October 2001, she sent two letters to the Department requesting a hearing. A hearing was scheduled later in 2001, which claimant did not attend for medical reasons. She sent her husband to appear on her behalf, but he was apparently not permitted to participate and a default decision was issued.[1] Nearly 10 years later, in September 2011, claimant sent a letter to the Department and formally requested another hearing in an apparent effort to cure her default.

In connection with this request, a hearing was held before an Administrative Law Judge (hereinafter ALJ), at which claimant requested additional time to obtain legal representation. The ALJ closed the hearing and issued a default decision upholding the initial determination and granting claimant leave to reopen. Claimant applied to reopen this decision and a second hearing was conducted, at which claimant again requested additional time to obtain legal representation. The ALJ closed the hearing and issued a second default decision upholding the initial determination and again granting claimant leave to reopen.

Following additional hearings, the ALJ granted claimant's application to reopen the two default decisions and sustained the initial determination. On administrative appeal, the Unemployment Appeal Board, among other things, denied claimant's ap-

1. Due to the significant passage of time, the Commissioner of Labor notes that the default decision no longer exists.

plication to reopen the original default decision and ruled that she was barred under the doctrine of laches from disputing the initial determination. Claimant now appeals.

We affirm. Initially, "[i]t is well settled that the decision to grant an application for reopening is within the discretion of the Board and its decision will not be disturbed absent a showing that the Board abused its discretion" (*Matter of Carlson [Commissioner of Labor]*, 95 AD3d 1589, 1590 [2012]; *see Matter of Becker [Commissioner of Labor]*, 108 AD3d 930, 931 [2013]). Notably, pursuant to 12 NYCRR 461.8, it is incumbent upon the party seeking to reopen a decision to demonstrate good cause for his or her default (*see Matter of Barto [Commissioner of Labor]*, 110 AD3d 1418, 1419 [2013]). Claimant failed to make that showing here. The evidence in the record discloses that she waited nearly 10 years before formally requesting a hearing for the purpose of curing the default decision rendered due to her nonappearance at the 2001 hearing. Although she corresponded with the Department on August 2, 2002 and on January 8, 2003, her letters reflect an attempt to enter into some type of payment schedule with respect to the recoverable overpayment that she was found to owe, rather than to contest the initial determination or request a hearing specifically with regard to the default decision.[2] Moreover, although claimant testified that she sent letters to the Department every year requesting a hearing, she was unable to produce these letters and there is no evidence of them in the record. Significantly, much of the documentation pertaining to the initial determination and default decision is no longer available due to the Department's policy of purging its files after four years. Accordingly, not only is there an absence of proof to show that claimant's delay in seeking a hearing was reasonable, but it is also evident that such delay prejudiced the Department with respect to its ability to locate relevant documents. Therefore, we find that the Board did not abuse its discretion in denying claimant's application to reopen.

Peters, P.J., Stein, McCarthy, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.

---

2. We acknowledge that claimant's January 8, 2003 letter requested a hearing "to resolve this matter," but note that it was sent in response to a November 13, 2002 letter from the Department regarding "overpaid insurance," which is not in the record. Consequently, the exact subject of claimant's hearing request is unclear.